73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Fredrick CONTI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3860.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1995.
 
 Before: NELSON and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal by a federal prisoner, Frederick Conti, from an order denying relief under 28 U.S.C. Sec. 2255. Mr. Conti asks us to decide whether a conspiracy conviction can properly serve as a predicate for a career offender enhancement under U.S.S.G. Sec. 4B1.1 and whether the district court abused its discretion in denying a request for an evidentiary hearing on two ineffective assistance of counsel claims.
 
 
 2
 The first issue has now been resolved unfavorably to Mr. Conti in United States v. Williams, 53 F.3d 759 (6th Cir.1995), a decision published subsequent to the oral argument in this case. The ineffective assistance claims are without substance, and we shall affirm the denial of Mr. Conti's Sec. 2255 motion.
 
 
 3
 The background of this case was set forth in our opinion affirming the conviction and sentence on direct appeal, United States v. Conti, No. 91-3712, 1992 WL 174537 (6th Cir. July 24, 1992), cert. denied, 113 S.Ct. 628 (1992), and we need not repeat here what was said there. It is sufficient to say that Mr. Conti was involved in an interstate drug conspiracy, his role in which was uncovered after two co-conspirators, Anthony Gati and Debra Vickie Tracy, began cooperating with federal authorities. Mr. Gati and Ms. Tracy were the principal witnesses against Mr. Conti at trial, and their testimony was supported by tape recordings, made secretly, that implicated Conti.
 
 
 4
 Pursuant to Giglio v. United States, 405 U.S. 150 (1972), it was disclosed to the jury that Mr. Gati had entered into a plea bargain and pleaded guilty to a 21 U.S.C. Sec. 846 conspiracy charge. Mr. Conti now contends that the district court should have conducted an evidentiary hearing to determine whether he (Conti) was denied effective assistance of counsel because his trial lawyer failed to request that a limiting instruction be given to the jury at the time Gati's plea bargain was disclosed. Mr. Conti also contends that the district court should have conducted an evidentiary hearing to determine whether he was denied effective assistance of counsel because his trial lawyer failed to proffer a transcript setting forth Conti's version of what was said on the tape recordings.
 
 
 5
 Citing Billy-Eko v. United States, 8 F.3d 111 (2d Cir.1993), and pointing out that the lawyer who represented Mr. Conti on his direct appeal was not the lawyer who had represented him at trial, the government argues that Conti's failure to raise the ineffective assistance of counsel claims on direct appeal precludes him from raising them in the Sec. 2255 proceeding. The argument may well be meritorious, but it is clear that Mr. Conti could not prevail on these claims in any event.
 
 
 6
 As to trial counsel's failure to request a contemporaneous limiting instruction with respect to the Gati plea bargain, the jury was charged as follows at the end of the trial: "The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence in and of itself of the guilt of any other person." The evidence had to be put before the jury, under Giglio, and the absence of a contemporaneous instruction on its significance was not necessarily prejudicial. The district judge certainly had discretion to deny Mr. Conti's Sec. 2255 motion without conducting an evidentiary hearing, because the trial record spoke for itself and the same judge had presided at the trial.
 
 
 7
 As to trial counsel's failure to proffer a defense transcript of the incriminating tape recordings, counsel did challenge the authenticity of the tapes and tried to have them excluded from evidence on this ground. Counsel persuaded the trial court to appoint independent experts to evaluate the tapes, but no evidence of tampering was found. Witnesses whose words were recorded on the tapes vouched for their accuracy, and Mr. Conti has given us no reason at all to believe that a defense transcript would have been helpful to him at trial or that any useful purpose would have been served by holding an evidentiary hearing on this matter prior to disposition of the Sec. 2255 motion.
 
 
 8
 AFFIRMED.